In the Matter of the Application for the Appointment of a Committee of the Person and Estate of EUGENE P. CLARK, an Alleged Incompetent Person.

HOWLAND P. WELLS, Petitioner, Appellant; EUGENE P. CLARK, Respondent.

*Insanity — duty of the court where the inquisition is sufficient and the petition and affidavits are defective — when the inquisition is defective.*

If an inquisition in lunacy is sufficient to bring the case within the statute, the court should, notwithstanding any defects in the petition and affidavits upon which it is based, exercise the discretion conferred upon it, and either confirm or refuse to confirm the inquisition, and should not dismiss the petition because of the defects therein.

An inquisition finding that a certain person "is an incompetent person and unfit to manage his affairs, that such infirmity manifests itself in weakness of mind," amounts to a finding of lunacy within the meaning of section 7 of the Statutory Construction Law (Laws of 1892, chap. 677), providing that "the terms lunatic and lunacy include every kind of unsoundness of mind except idiocy."

APPEAL by the petitioner, Howland P. Wells, from an order of the County Court of Ontario county, entered in the office of the clerk of the county of Ontario on the 11th day of May, 1900, denying his motion to confirm an inquisition and dismissing the petition.

*Hopkins & Converse*, for the appellant.

*W. C. Ellis* and *Edwin Hicks*, for the respondent.

WILLIAMS, J.:

The order appealed from must be reversed, and the proceeding remitted to the Ontario County Court, for the exercise of the discretion conferred upon it as to the confirmation of the inquisition and the appointment of a committee.

The ground upon which the county judge decided the motion was, that neither the petition and affidavits, nor the inquisition, were sufficient to authorize the appointment of a committee, although he expressed the opinion that the evidence before the jury was sufficient to authorize a finding of lunacy. Whatever defects there may have been in the petition and affidavits, the proceeding having resulted in an inquisition, if such inquisition was sufficient to bring the case within the statute, the court should have confirmed

the same and appointed the committee, or, at least, have exercised the discretion conferred upon it, and should not have dismissed the petition for defects therein. (*Matter of Zimmer*, 15 Hun, 214.)

The authority of the court in these proceedings is purely statutory. The real scheme and purpose of the statute is to provide for the appointment of a committee whenever the person is incompetent to manage his affairs, to the end that his property may be cared for and preserved. Section 340 of the Code of Civil Procedure provides that the jurisdiction of the County Court extends to proceedings for the custody of the person and the care of the property of persons who are incompetent to manage their affairs by reason of lunacy, idiocy or habitual drunkenness, and for the appointment of committees of the persons or property of such incompetent persons. Section 7 of the Statutory Construction Law (Laws of 1892, chap. 677) provides "the terms lunatic and lunacy include every kind of unsoundness of mind except idiocy."

The inquisition in this case found that the respondent "is an incompetent person and unfit to manage his affairs; that such infirmity manifests itself in weakness of mind." The fair meaning of this finding is that the respondent was afflicted with weakness of mind to such an extent as to render him incompetent and unfit to manage his affairs. While mere weakness of mind could not be regarded as an unsoundness, yet, if the weakness is so great as to render a person incompetent and unfit to manage his affairs, clearly such condition must be regarded as covered by the expression in the Statutory Construction Law as "unsoundness of mind;" and not amounting, in the respondent, to idiocy, it must be covered by the definition of lunatic and lunacy.

It is not essential that the inquisition should use the precise language of the statute. Any language which fairly brings the case within the statute is sufficient.

The county judge seems to have been of the opinion that the weakness of mind must have been such as to amount to imbecility in order to bring it within the statute, but that is not true. As said by DANFORTH, J., in *Riggs* v. *American Tract Society* (95 N. Y. 511): "One may be of unsound mind and yet be neither an idiot nor an imbecile."

Our conclusion is that the inquisition, in effect, found the

respondent a lunatic, under the definition of that term by the Statutory Construction Law, and that the court was authorized to appoint the committee.

The order must, therefore, be reversed, and the proceedings remitted to the Ontario County Court for the exercise of the discretion conferred upon it as to the confirmation of the inquisition, and the appointment of a committee, and in case a committee is appointed, the order should direct the payment by the committee to the appellant of the costs of this appeal.

All concurred.

Order reversed and proceedings remitted to Ontario County Court for the exercise of the discretion conferred upon it as to the confirmation of the inquisition, and for the appointment of a committee, and in case a committee is appointed the order should direct the payment by the committee to the appellant of the costs of this appeal.